IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN ROBERTSON,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **CONSTRUCTION REHAB LLC,** | : | No. 25-cv-3620 |
| doing business as Problem Property Pals, | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                  October 31, 2025

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Defendant moves to dismiss Plaintiff's Complaint (ECF No. 13). For the reasons set forth below, the Motion (ECF No. 13) will be **GRANTED** in part and **DENIED** in part.

### I.    BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and are accepted as true at motion-to-dismiss stage. *See U.S. Express Lines, LTD. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Plaintiff, who worked for Defendant as a Virtual Buying Manager prior to his termination, has obsessive compulsive disorder, attention deficit hyperactivity disorder, opioid use disorder, panic disorder, bipolar disorder, borderline personality disorder, depression, and anxiety. ECF No. 10 at 3.

After he was terminated, Plaintiff sued Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (Count I), the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.* (Count II), the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 *et seq.* (Count III), as well as for breach of contract (Count IV) and wrongful discharge (Count V). *See id.* at 6–9. Defendant then moved to dismiss. ECF No. 13 at 1.

### II.    DISCUSSION

Defendant moves to dismiss the Complaint on various grounds. It moves to dismiss the

ADA and Pennsylvania Human Relations Act claims for failure to state a claim, the Pennsylvania Human Relations Act claim for failure to exhaust, and the wrongful discharge claim for failure to identify the cause of action under which the claim is being brought. ECF No. 14 at 7–9. Insofar as this Court dismisses the ADA claim—which is the only federal cause of action in this case—Defendant also moves this Court to decline supplemental jurisdiction over Plaintiff's state law claims. *See id.* at 10.

This Court will grant Defendant's Motion to Dismiss the Pennsylvania Human Relations Act claim (Count II), but it will deny the Motion to Dismiss with respect to all other counts (Counts I, III, IV, and V).

### A. ADA

Beginning with the ADA claim, Defendant moves to dismiss that count for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 14 at 7. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To make out a discrimination claim under the ADA, Plaintiff must show (1) he is disabled, (2) qualified to perform the essential functions of his job, and (3) experienced an "adverse employment decision as a result of discrimination." *Eshleman v. Patrick Indus.*, 961 F.3d 242, 245 (3d Cir. 2020). With respect to the third element, the disability need not be the sole cause of the adverse employment action, so long as the action would not have occurred but-for the disability. *Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023). And, at the motion-to-dismiss stage, a plaintiff may make such a showing if the allegations "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive." *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 230 (3d Cir. 2021) (citation omitted).

Defendant argues only that Plaintiff failed to plead the third element: that his termination occurred as a result of discrimination. *See* ECF No. 14 at 7. However, Plaintiff alleges facts that reasonably indicate discovery will produce evidence of a discriminatory motive. Plaintiff alleges that he told Defendant's Chief Operating Officer, and others, about his diagnoses. *See* ECF No. 10 at 4. Plaintiff then met with the Chief Operating Officer to discuss his belief that he was not being paid according to his compensation agreement. *See id.* at 3, 5 (alleging that Plaintiff's compensation agreement included base pay and commission). During that meeting, the Chief Operating Officer allegedly responded "with a series of discriminatory insults, including calling Plaintiff 'psycho' and 'crazy as shit.'" *Id.* at 5–6. And at the end of the meeting, the Chief Operating Officer terminated Plaintiff and yelled "go get more pills" as Plaintiff collected his belongings. *Id.* at 6. These insults, which directly precipitated and followed Plaintiff's termination, and which appeared targeted at Plaintiff's mental health conditions, support the inference that the Chief Operating Officer terminated Plaintiff at least in part due to his disabilities.

Defendant argues that Plaintiff was previously re-hired and promoted, though he had disabilities. ECF No. 14 at 8. However, these factors—which occurred months before Plaintiff's termination—do not by themselves eliminate the reasonable expectation that, in that moment at which Plaintiff was terminated, the Chief Operating Officer may have acted with a discriminatory motive.

Accordingly, the Court will deny Defendant's Motion to Dismiss with respect to Plaintiff's ADA claim.

### B. Pennsylvania Human Relations Act

Next, this Court turns to the Pennsylvania Human Relations Act claim, which it will dismiss because the claim is not exhausted. To exhaust such a claim, plaintiffs must first file an administrative complaint with the Pennsylvania Human Relations Commission within 180 days of

the alleged discriminatory act. *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013). Once a plaintiff files an administrative complaint, he or she must wait one year before bringing suit. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).

Plaintiff concedes that his Pennsylvania Human Relations Act claim is not exhausted, *see* ECF No. 17 at 10 (describing the claim as "nearly exhausted"), but seeks leave to amend the Complaint when the claim becomes exhausted on January 2, 2026, *see id.* at 13. Plaintiff may file a motion for leave to amend in January 2026, if applicable, which this Court will consider at that juncture. Accordingly, this Court will grant Defendant's Motion to Dismiss the Pennsylvania Human Relations Act claim.

### C. Wrongful Discharge

Defendant moves to dismiss Plaintiff's wrongful discharge claim only on the ground that Plaintiff "does not state what common law action Plaintiff is bringing." ECF No. 14 at 9; *see also* ECF No. 18 at 5 (in Defendant's reply brief, arguing that "Defendant is not on notice of what statute or law it is being sued generally under"). But the Complaint plainly states the cause of action: "wrongful discharge" and "wrongful termination" under "Pennsylvania [c]ommon [l]aw." ECF No. 10 at 9.

Pennsylvania courts have expressly recognized such a cause of action when the termination violates public policy, as Plaintiff alleges, *see id. See Deal v. Children's Hosp. of Phila.*, 223 A.3d 705, 713 (Pa. Super. Ct. 2019); *Gillespie v. St. Joseph's University*, 513 A.2d 471, 472 (Pa. Super. Ct. 1986). Therefore, Defendant had adequate notice of the cause of action to which it was required to respond. Based on the limited ground on which Defendant is moving to dismiss this count, the Court will deny Defendant's Motion to Dismiss the wrongful discharge claim.

4

5

**D. Other Claims**

Lastly, Defendant moves to dismiss all state law claims (Counts II–V) for lack of subject matter jurisdiction. *See* ECF No. 14 at 10. It argues that, insofar as this Court dismisses the ADA claim, the Court should decline supplemental jurisdiction over the state law claims. *See id.* However, because this Court will deny the Motion to Dismiss with respect to the ADA claim, supplemental jurisdiction is appropriate.

**III.    CONCLUSION**

For the foregoing reasons, the Court will **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss (ECF No. 13). Specifically, the Motion will be granted with respect to the Pennsylvania Human Relations Act claim (Count II). The Motion will be denied with respect to the remaining counts (Counts I, III, IV, V).

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**